McKinney, J.,
delivered the opinion of the Court.
This was an action of ejectment, brought by Lee vs. Smith. The plaintiff recovered part of the land sued for, and thjg- defendant appealed in error.
The question is upon the Statute of Limitations, and it arises on this state of facts.
The. plaintiff claims under a grant for 277 acres, bearing date, 17th December, 1838. At the date of the entry and grant, under which plaintiff claims, and for several years preceding, the defendant, Smith, was residing upon, and had enclosed, and in cultivation, part of the land included in the entry and grant of the plaintiff; and he has continued to reside upon, and cultivate the same ever since'.
*551 In November, 1840, the defendant and Smith, obtained a grant for 135 acres, which not only covers his previous improvement, but extends beyond, and covers a considerable portion of unimproved land,- within the bounds of the prior grant to the plaintiff. The two grants, covering in part, the same land; and the defendant having remained in. possession of his previous improvement upon the land, for a period of more than seven years from the date of his grant, before the commencement of the present suit, claiming to hold, adversely, all the land within the boundaries of his grant. And the plaintiff having had no actual possession of the land within the limits of the interference, the question is, whether or not, the defendant, by operation of the Statute of limitations, has acquired the better title to all the land embraced within the conflict?
The Circuit Judge, following the case of Kelly vs. Hare, 1 Hum., 163, instructed the jury, that the Statute of limitations did not apply to this case; and, this instruction was unquestionably correct.
It is true, that since the decision of Kelly vs. Hare, the rule of the Common Law, that, in ejectment, the defendant must be shown to have been in possession of the premises at the- time the action was commenced, has been so far changed by the Act of 1851-2, ch. 152, sec. 2, as that a' person claiming a legal title to land, though not in possession thereof, against another, having a legal title to the same land, is subject to be sued in ejectment, upon the naked ground of his adverse claim. See Langford vs. Love, 3 Sneed, 308.
But, this enactment has no reference to, or bearing upon, the Statute of limitations.
*552 The principle upon which the Statute of limitations is based', is not that the party seeking the benefit of it, has not merely set up an adverse claim to the land, for the period required to form the bar, but that such adverse claim has been accompanied with an actual possession' thereof, in exclusion of, and in hostility to, the claimant. It is the invasion of the owner's rights, by an actual, visible possession of the land, with intent to claim it against the owner, that lays the only proper foundation for. the operation of the Statute.
The inference, that, because, by the recent Statute, a mere claim of title, unaccompanied by adverse possession, gives a right of action against such claimant, the Statute of limitations, therefore, attaches in his favor, by the mere force of such adverse claim, is utterly destitute of foundation in law.
This principle being established, it is clear that the Statute has no application to this case.
The entry and grant under which the plaintiff claims, were utterly void, by the Act of 1824, ch. —, sec 6, so far as they interfered with, or included any portion of Smith's occupant improvements, on the ground of failure to give him the thirty days previous notice required by that Act. The effect, as respects both parties, was precisely the same as if Smith's enclosures had been expressly excluded by the calls of plaintiff’s entry and grant. In legal contemplation, Smith’s occupant improvements still remained vacant, until subsequently entered by himself. And after his entry and grant, as before, his continuing in possession of his previous improvements, was lawful, and certainly no invasion of the rights of the plaintiff.
*553 It is plain, that so long as Smith confined himself within the limits of his enclosures, as they existed at the date of plaintiff's entry, there could be no possible conflict of right, or of possession, between the parties; for, by the operation of the Act of 1824, the plaintiff had no claim of title, or right of possession to any of the land within such enclosures; and Smith's occupation thereof was perfectly consistent with the plaintiff's rights.
In this view of the case, it is obvious that Smith had no possession of any portion of the land .covered by both grants, for, to the extent of his pre-existing improvement, the plaintiff’s grant was, in contemplation of law, a non-entity.
To have brought himself within the operation of the principle contended for, the defendant must have enlarged his enclosures, or have táken actual possession of some portion of the land common to both grants, outside of his former improvements. Until this was done, there could be no possible invasion of the plaintiff’s rights — no actual possession within the limits which the law had affixed to his prior grant.
The argument, that the defendant’s possession of his former improvement, after obtaining his grant, had the effect, in law, to -give him possession, as against the plaintiff, to the extent of the boundaries of his grant, has no other foundation than the fallacious assumption, that the plaintiff’s grant was valid for the defendant’s occupant improvement, when the Statute declares it a nullity. Upon no other hypothesis can it be maintained that the defendant’s possession was a part of the *554 land, common to both grants. This reasoning is absurd. No legal effect can be predicated of that which is, by the law itself, declared to be a nullity. Nor is the defendant to be permitted, at his election, to treat it as valid for some purpose, and void for others.
There is some testimony in the record, as to the subsequent improvements and enclosures, made by both parties, within the interference between the grants; but it is too vague and confused, as to"' the times when made, and the attendant circumstances, to raise, any distinct legal question.
Judgment affirmed.